Jeremy GERMAN, Mentally Incapacitated, by and through his Mother and Next Friend Pamela GRACE, Plaintiff,

v.

CSX TRANSPORTATION, INC., Defendant.

Civil Action No. 06–0662–KD–M.

United States District Court, S.D. Alabama, Southern Division.

May 1, 2007.

Jarett C. Crawford, Sr., Mobile, AL, for Plaintiff.

Forrest C. Wilson, III, William Gray Chason, McDowell Knight Roedder & Sledge, L.L.C., Mobile, AL, Jennifer Gruda Knight, William Anderson, Washington, DC, for Defendant.

### ORDER

KRISTI K. DuBOSE, District Judge.

This matter is before the court on defendant CSX Transportation, Inc.'s motion to

dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and brief in support (docs.10, 11), plaintiff Jeremy German's response (doc. 22), and defendant's reply (doc. 25). Upon consideration of the pleadings and for the reasons set forth herein, defendant's motion to dismiss is **GRANTED.**

I. *Background*

Plaintiff alleges that in 1965, a Louisville and Nashville Railroad train derailed in Perdido, Alabama which resulted in a benzene spill that contaminated the local well water. L & N was subsequently purchased by CSXT. The benzene contamination was not made known to the affected Perdido residents until 1982 at which time alternate water supplies were made available. On October 23, 1981, Pamela Grace, a resident of the Perdido area, gave birth to Jeremy German at nearby Atmore, Alabama. He was premature and later diagnosed with cerebral palsy. Plaintiff alleges that in 2004 or 2005 his mother first learned or had reason to suspect that her exposure to water contaminated with benzene caused his premature birth in October 1981 and that he developed cerebral palsy as a result of being premature and the benzene contamination. On October 12, 2006, plaintiff filed this complaint against defendant and alleges that his cerebral palsy was a proximate result of the defendant's contamination of groundwater. Plaintiff raises claims for strict liability, negligence/wantonness, and nuisance under state law and the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), 42 U.S.C. § 9601, et seq. (Doc. 1).

II. *Motion to dismiss for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6)*

Defendant argues that plaintiff's claim is barred by Alabama's common law rule of repose which requires that claims be brought within twenty years from the time all elements of the claim exist. Defendant argues that the rule of repose is substantive rather than procedural, thus once the repose period has run both the remedy and the cause of action are extinguished. Defendant further states that the rule has no exceptions such as notice, discovery, or type of cause of action, but instead requires only one element to be met—the passage of time. Defendant argues that all the essential elements of plaintiff's claim existed in 1981 at the time of his premature birth with cerebral palsy, that the period of repose began to run at that time, and expired on October 23, 2001, his twentieth birthday, nearly five years before the complaint was filed. Defendant states that Alabama's public policy, which recognizes a final point in time when a cause of action is extinguished, supports defendant's argument that plaintiff has failed to state a claim upon which relief can be granted. (Doc. 11). Defendant also argues that the language of 42 U.S.C. § 9658 demonstrates that it preempts only state statutes of limitation and not common law rules of repose. (Doc. 22).

Plaintiff responds that his complaint is based upon CERCLA and that the statute of limitations set forth therein controls. He argues that state statutes of repose are preempted by the limitation period set forth in 42 U.S.C. § 9658 "where the statute of repose did not allow for discovery of injury before commencing to run." (Doc. 22, Attachment A).

A defendant may move to dismiss a complaint pursuant to Rule 12(b)(6), if plaintiff has failed to state a claim for which relief may be granted. A rule 12(b)(6) motion tests the legal sufficiency of plaintiff's claim and the court construes all allegations set forth in the complaint as true and resolves all inferences in favor of

the plaintiff. *United States v. Gaubert,* 499 U.S. 315, 327, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991); *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir.1990). The Eleventh Circuit has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *In re Johannessen,* 76 F.3d 347, 349 (11th Cir.1996) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Furthermore, "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley,* 355 U.S. at 47, 78 S.Ct. 99. However, "[a]s a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss." *South Fla. Water Mgmt. Dist. v. Montalvo,* 84 F.3d 402, 408 n. 10 (11th Cir.1996); *Oxford v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir.2002) ("On a motion to dismiss, the plaintiff's factual allegations are accepted as true, however, legal conclusions masquerading as facts will not prevent dismissal.") Therefore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir.1985) quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Devel.,* 711 F.2d 989, 995 (11th Cir.1983).

In *American General Life and Acc. Ins. Co. v. Underwood,* 886 So.2d 807 (Ala., 2004), the Alabama Supreme Court set forth the following explanation of the common-law rule of repose:

> The common-law rule of repose, which is an affirmative defense, *Rector v. Better Houses, Inc.,* 820 So.2d 75, 78 (Ala.2001), "bars actions that have not been commenced within 20 years from the time they could have been commenced." *Tierce v. Ellis,* 624 So.2d 553, 554 (Ala.

1993). The rule of repose "is not affected by the circumstances of the situation, by personal disabilities, or by whether prejudice has resulted or evidence [has been] obscured." *Boshell v. Keith,* 418 So.2d 89, 91 (Ala.1982). "Lack of notice is not sufficient to avert the application of the [rule of repose]." *Ballenger v. Liberty Nat'l Life Ins. Co.,* 271 Ala. 318, 322, 123 So.2d 166, 169 (1960); accord *Ex parte Liberty Nat'l Life Ins. Co.,* 825 So.2d 758, 764 (Ala.2002), and *Ex parte Liberty Nat'l Life Ins. Co.,* 858 So.2d 950, 957–59 (Ala.2003) (Johnstone, J., dissenting). "[T]he only element of the rule of repose is time." *Boshell,* 418 So.2d at 91.

"The only circumstance that will stay the running of the 20–year period of repose is a recognition of the existence of the claimant's right by the party defending against the claim." *Boshell,* 418 So.2d at 92. The recognition must be distinct. *Ballenger,* 271 Ala. at 323, 123 So.2d at 169. Such a recognition will restart the running of the 20–year period. *Hendley v. First Nat'l Bank of Huntsville,* 234 Ala. 535, 537, 176 So. 348, 350 (1937)....

The rule of repose begins running on a claim as soon as all of the essential elements of that claim coexist so that the plaintiff could validly file suit. *Spain v. Brown & Williamson Tobacco Corp.,* 872 So.2d 101, 129 (2003) (Johnstone, J., writing specially).

> "In some instances, [the first point in time when all of the essential elements of a claim first coexist so that the plaintiff could validly sue and, therefore, the point in time when the rule of repose begins to run] may be the same as the date of the 'accrual' of a claim. However, ... repose does not depend on 'accrual' because the concept of accrual sometimes incorpo-

rates other factors, such as notice, knowledge, or discovery...."
*Ex parte Liberty Nat'l Life Ins. Co.*, 825 So.2d at 764 n. 2. A suit on a tort claim may not be commenced until the defendant's tortious act proximately causes the plaintiff to suffer an actual injury. [ ] *Stephens v. Creel*, 429 So.2d 278, 280–83 (Ala.1983).

*American General*, 886 So.2d at 812 –813 (footnote omitted).

Also, in *Ex parte Liberty Nat'l Life Ins. Co.*, the Alabama Supreme Court explained that the rule of repose differs from a statute of limitation because "the rule is based solely upon the passage of time" and " '[w]hile a statute of limitations generally is procedural and extinguishes the remedy rather than the right, ... repose is substantive and extinguished both the remedy and the actual action.' " 825 So.2d at 764–765 (citations omitted).

In *Burlington Northern & Santa Fe Ry. Co. v. Poole Chem. Co.*, 419 F.3d 355 (5th Cir.2005). the Fifth Circuit Court of Appeals addressed the issue of whether § 9658 preempts a state statute of repose. The Court opined that,

... the reach of the plain language of § 9658 does not extend to statutes of repose [ ]. Literally, § 9658 states that it only preempts state law when the applicable state *statute of limitations* "provides a commencement date which is earlier than the [federally required commencement date in § 9658]"—no mention of peremptory statutes or statutes of repose. The provision defines "commencement date" as the "date specified in a *statute of limitations* as the beginning of the applicable limitations period."

*Id.* at 362 (italics in original; footnote omitted). The *Burlington* court further stated that the statute at issue in that case was "not a statute of limitations" but was a "statute of repose, and the differences between statutes of limitations and statutes of repose are substantive, not merely semantic." *Id.* The *Burlington* court explained that "[a] statute of limitations extinguishes the right to prosecute an accrued cause of action after a period of time. It cuts off the remedy ... A statute of repose limits the time during which a cause of action can arise and usually runs from an act of a defendant. It abolishes the cause after the passage of time even though the cause of action may not have yet accrued." *Id.* at 363.

As discussed in *Burlington*, the text of § 9658 does not mention statutes or rules of repose but instead discusses only statutes of limitation. Under the principles of statutory construction, the plain language of § 9658 should be given effect. *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1185 (11th Cir.1997) ("In construing a statute we must begin, and often should end as well, with the language of the statute itself."); *see Adams v. Fla. Power Corp.*, 255 F.3d 1322, 1324 (11th Cir.2001) (quoting *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir.1998) (en banc)), cert. dismissed, 535 U.S. 228, 122 S.Ct. 1290, 152 L.Ed.2d 345 (2002) (" '[w]here the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said.' "). Therefore, § 9658 cannot be read as having a preemptive effect upon the Alabama rule of repose.

Additionally, the only method by which the period of repose can be tolled is upon recognition by the defendant that the cause of action exists. *See supra Boshell*, 418 So.2d at 92 ("The only circumstance that will stay the running of the 20–year period of repose is a recognition of the existence of the claimant's right by the party defending against the claim.")

Plaintiff has not presented any argument that defendant recognized the existence of plaintiff's right such as to stay the running of the twenty year period of repose.

 Upon consideration of the arguments, the persuasive decision in *Burlington,* and review of the case law of the State of Alabama, the undersigned finds that the rule of repose is applicable to plaintiff's claims, and thus, the substantive claims have been extinguished by the passing of time. Although, plaintiff's complaint indicates that his mother was not aware until 2004 or 2005 that benzene may have been the proximate cause of his premature birth and cerebral palsy, "[l]ack of notice is not sufficient to avert the application of the [rule of repose]." *See American General,* 886 So.2d at 812 (citations omitted). Accordingly, the court finds that because Alabama's common law rule of repose would preclude adjudication of this complaint, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *In re Johannessen,* 76 F.3d 347, 349 (11th Cir. 1996). Therefore, the motion to dismiss is due to be granted.

III.   *Conclusion*

Accordingly, for the reasons set forth herein, defendant's motion to dismiss (doc. 10) is **GRANTED.**

DONE this 1st day of May, 2007.